IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM PICONE, | ) |
|     Plaintiff, | ) Civil Action No. 2: 15-cv-01057 |
| v. | ) United States District Judge |
| | ) Mark R. Hornak |
| NORTHEAST OHIO CORRECTIONAL | ) United States Magistrate Judge |
| CENTER and U.S. MARSHAL SERVICE, | ) Cynthia Reed Eddy |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that this prisoner lawsuit be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of Ohio. It is also recommended that a ruling on Plaintiff's *in forma pauperis* motion be deferred to the transferee court.

**II.    REPORT**

    **A.    Background**

Adam Picone ("Picone") is a federal pre-trial detainee currently incarcerated at the Northeast Ohio Correctional Center ("NEOCC") located in Youngstown, Ohio, which is located within the territorial limits of the United States District Court for the Northern District of Ohio. Picone has filed a Motion for Leave to Proceed *in forma pauperis*, to which he attached a civil rights complaint. The complaint, liberally construed, includes claims of inadequate medical care in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, as well as a medical malpractice claim under state law. Based on the Court's reading of the complaint, all of Picone's claims stem from his imprisonment at NEOCC in Youngstown, Ohio.

1

**B**.     **Venue**

The venue statute applicable to Plaintiff's constitutional claims is 28 U.S.C. § 1391(b),[1] which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The undersigned finds that venue is improper in this district.

As mentioned, the events or omissions giving rise to Picone's constitutional claims appear to have occurred in the Northern District of Ohio. Moreover, there are no allegations in the complaint to suggest anything to the contrary, much less that any of the defendants reside outside of the same federal district. Therefore, it is not unreasonable to conclude that these claims and defendants all fall within the venue of the United States District Court for the Northern District of Ohio, and they are not properly brought before this Court.[2]

While an objection to venue may be waived by a defendant, the Court is permitted to raise the issue of an apparent lack of venue *sua sponte*, provided the Court gives a plaintiff adequate notice of its concern and an opportunity to be heard on the issue. *Guyton v. Lappin*,

---

[1]     To the extent that constitutional claims are asserted against the United States or federal officials sued in their official capacities, the applicable venue provision is 28 U.S.C. § 1391(e)(2), which provides for venue in any judicial district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . ., or (C) the plaintiff resides if no real property is involved in the action." Because the language in Sections 1391(b)(2) and 1391(e)(2)(B) is identical, the Court's venue analysis is applicable to all constitutional claims, i.e., those asserted against the United States (or defendants sued in their official capacities) as well as against federal officials sued in their individual capacities.

[2]     It is arguable that the "U.S. Marshal Service" could literally be "found" in this District, but as an agency of the United States, it is not a properly-named defendant in a *Bivens* action such as this, and in any event, in considering 28 U.S.C. § 1391(b)(3), there is another judicial district in which this action may be brought, namely, the Northern District of Ohio.

Civil No. 3:11-cv-1390, 2011 WL 7430063, *4 (M.D.Pa. Oct. 6, 2011) (*citing Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996)), *report and recommendation adopted by*, 2012 WL 511571 (M.D.Pa. Feb. 15, 2012). Through the filing of this Report, the Court is providing such notice to Picone that these claims and defendants are not properly brought in this District. *See Guyton,* 2011 WL 7430063, at *4.

Furthermore, when it appears that a case has been brought against defendants in the wrong venue, there are two potential remedies available to the court. *Id*. at *5. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406 and Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Id*. Second, the court may, in the interest of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of the plaintiff. *Id.*

Since the complaint in this action reveals to the Court that venue does not lie in this District, the undersigned will recommend that this case be transferred to the United States District Court for the Northern District of Ohio. Doing so will ensure that venue is proper and operate to protect Picone's rights. In other words, transferring this case to the Northern District of Ohio would be in the interest of justice.

### III.  Conclusion

For the foregoing reasons, it is respectfully recommended that this case be transferred to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1), and Local Rule 72, Plaintiff is permitted to file written objections to this Report and Recommendation within

fourteen (14) days after date of service. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

It is also recommended that a ruling on Plaintiff's *in forma pauperis* motion be deferred to the transferee court.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: September 1, 2015

cc: ADAM PICONE
35151-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505